IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JASON COGBURN                                                                                    PLAINTIFF

v.                                          Civil No. 6:19-cv-06013

SHERIFF TRAVIS HILL, Pike County
Arkansas; and JAIL ADMINISTRATOR
SARAH HANEY                                                                                    DEFENDANTS


**<u>ORDER</u>**

Currently before the Court is Plaintiff's failure to obey a court order and failure to prosecute this case. Plaintiff, Jason Cogburn, proceeds in this matter *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint and Application to Proceed *In Forma Pauperis* ("IFP") on January 30, 2019. (ECF Nos. 1, 2).

On that same date, this Court entered an Order noting that Plaintiff's Complaint failed to include page 6 of the court approved section 1983 form. (ECF No. 3). The Court also noted that Plaintiff's IFP application did not include a certification regarding inmate funds held in his name. Plaintiff was directed to resolve both issues by February 19, 2019. (ECF No. 3).

On February 11, 2019, Plaintiff submitted "page 6" of the court approved section 1983 form. (ECF No. 5). Plaintiff did not however, submit a completed IFP application, including a certification regarding inmate funds held in his name. An order was entered giving Plaintiff until March 18, 2019, to submit the certificate portion of the IFP application completed by the appropriate detention center official and return the application to this Court for review or, alternatively, pay the $350 filing fee and $50 administrative fee, a total of $400. (ECF No. 6). The order further stated that if Plaintiff failed to return the completed application or pay the fee,

the Complaint would be subject to summary dismissal for failure to obey an order of the Court. (ECF No. 6).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with a court order directing him to file a complete IFP application. Likewise, Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of March 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge